UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR RENE RUIZ,

    Plaintiff,

v.

MILENIUM, INC. AND
INTERNATTIONAL, INC.,

    Defendant.

Case No.

Hon.

---

Fabiola A. Galguera (P84212)
Noah S. Hurwitz (P74063)
NACHT, ROUMEL & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
fgalguera@nachtlaw.com
nhurwitz@nachtlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Oscar Rene Ruiz, by and through his attorneys, NACHT, ROUMEL & HURWITZ, P.C., hereby alleges as follows:

## INTRODUCTION

This is an action for money damages, liquidated damages, punitive damages, costs, attorneys' fees and other relief on behalf of Plaintiff Oscar Rene Ruiz, an

1

employee that suffered violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* as a consequence of his misclassification as an independent contractor by Defendant Milenium, Inc.

## PARTIES AND JURISDICTION

1. Plaintiff Oscar Rene Ruiz (hereinafter referred to as "Plaintiff") is an individual residing Oakland County, Michigan

2. Defendant Milenium, Inc., (hereinafter referred to as "Milenium") is a company with its registered business address in Wayne, Wayne County, Michigan.

3. Defendant Internattional, Inc., (hereinafter referred to as "Internattional") is a company with its registered business address in Southfield, Oakland County, Michigan.

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

5. Venue is proper in this Court because Milenium and Internattional obligated themselves to Plaintiff within the Eastern District of Michigan, Defendants' registered business address is located within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

### Plaintiff is hired and misclassified as an independent contractor

6. Milenium is a domestic profit corporation in Wayne, Michigan.

7. Internattional is a domestic profit corporation in Southfield, Michigan.

8. Plaintiff worked for Milenium and Internattional from approximately November 22, 2020 to February 15, 2021.

9. Milenium hired Plaintiff as an "independent contractor," and Plaintiff was told to complete a 1099 Tax Form.

10. However, this was a misclassification of Plaintiff's employment status with Milenium.

11. Plaintiff does not have an advanced specialized academic education In construction.

12. Plaintiff did not exercise discretion and independent judgement with respect to matters of significance in the work he completed.

13. Plaintiff was told by Milenium, by and through its supervising employees, what he had to do every day, whether that be drive to a different state to pick up a car or dig holes at a worksite day in and day out.

14. Plaintiff worked at the behest of his supervisors.

15. Plaintiff's payments came from Internattional.

**Plaintiff is underpaid by Milenium and Internattional**

16. On or about November 21, 2020 Plaintiff was texting Samuel Herman, Milenium's Project Manager, about his pay rate.

17. Mr. Herman messaged Plaintiff: "…just like I said the best I'll be able to pay $240 a day I cannot do more than that let me know."

18. Plaintiff accepted the job with the understanding that his pay rate would be $240.00 per day worked.

19. However, Milenium did not honor this agreement.

20. Checks written to Plaintiff from Internattional compensated Plaintiff at $180.00 per day worked.

21. Plaintiff continuously contacted Mr. Herman about being underpaid.

22. Mr. Herman tried to justify underpaying Plaintiff by saying on or about January 26, 2021 "I told you the most I can pay you 180 if you don't like it don't go to work."

23. This is directly contradicted by his text on November 21, 2020.

24. Not only did Milenium and Internattional fail to pay Plaintiff the agreed upon hourly rate, they also failed to pay Plaintiff in a timely manner.

25. Whenever Plaintiff messaged Mr. Herman expressing that he had not received payment and was being impacted by the lack of payment, he was met with responses like "I cannot waste my time with you any more."

26. To date, client has only been paid $9,215.00 – a fraction of what he is owed.

27. The payments Plaintiff received failed to account for costs he acquired because of the work he was instructed to complete as well as overtime hours.

### **Defendants fail to compensate Plaintiff for overtime hours**

28. Plaintiff consistently worked overtime for Milenium and Internattional.

29. Between November 22, 2020 and November 28, 2020, Plaintiff worked 49 hours.

30. Between November 29, 2020 and December 5, 2020, Plaintiff worked 50 hours.

31. Between December 6, 2020 and December 12, 2020, Plaintiff worked 58 hours.

32. Between December 13, 2020 and December 19, 2020, Plaintiff worked 40 hours.

33. Between December 20, 2020 and December 26, 2020, Plaintiff worked 30 hours.

34. Between January 3, 2021 and January 9, 2021, Plaintiff worked 40 hours.

35. Between January 10, 2021 and January 16, 2021, Plaintiff worked 38 hours.

36. Between January 17, 2021 and January 23, 2021, Plaintiff worked 50 hours.

37. Between January 24, 2021 and January 30, 2021, Plaintiff worked 63 hours.

38. Between January 31, 2021 and February 6, 2021, Plaintiff worked 50 hours.

39. In total, he worked 80 hours of overtime.

40. Plaintiff was not compensated for any of this overtime work.

## COUNT I
### (VIOLATION OF THE FAIR LABOR STANDARDS ACT)

41. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

42. Plaintiff was employed as a "Independent Contractor" by Milenium and Internattional from November 22, 2020 to February 15, 2021 and was designated as "exempt" from overtime and paid a daily wage for his work.

43. Plaintiff worked diligently for Milenium and Internattional outside of normal business hours, including on nights and weekends.

44. Plaintiff routinely traveled to other states at the direction of his employers to pick up equipment.

45. Plaintiff worked on nights and weekends.

46. Plaintiff worked after hours on multiple job sites.

47. Plaintiff consistently and regularly worked more than forty (40) hours per week.

48. Plaintiff did not have an advanced specialized academic degree.

49. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

50. Plaintiff was not formulating or implementing management policies, utilizing authority to waive or deviate from established policies, providing expert advice, or planning business objectives in accordance with the dictates of 29 C.F.R. § 541.202(b).

51. Therefore, the work performed by Plaintiff renders him non-exempt.

52. Milenium's and Internattional's conduct was willful and in bad faith.

53. At all times relevant to this action, Plaintiff was Milenium's and Internattional's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

54. At all times relevant to this action, Milenium and Internattional were Plaintiff's employers within the meaning of the FLSA.

55. In violation of the FLSA, Milenium and Internattional failed to pay Plaintiff proper overtime compensation for hours he worked in excess of forty (40) hours per week.

56. Milenium's and Internattional's conduct in this regard was a willful violation of the FLSA.

57. As a result of Milenium's and Internattional's unlawful acts, Plaintiff was deprived of earned wages in amounts to be determined at trial.

WHEREFORE, Plaintiff is entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff Oscar Rene Ruiz demands judgment against Milenium and Internattional as follows:

a. Declare the practices and actions of Milenium and Internattinal as illegal under the FLSA;

b. Award compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled, including back and front pay, compensation for overtime hours, economic damages, punitive damages, and any other damages available by law;

c. Award liquidated damages pursuant to the FLSA;

d. An award of interest, costs, and reasonable attorneys' fees; and

e. Whatever other relief this Court finds appropriate.

Respectfully Submitted,

NACHT, ROUMEL & HURWITZ, P.C.

/s/ *Fabiola A. Galguera*
Fabiola A. Galguera (P84212)
Attorneys for Plaintiff

8

Dated: October 19, 2021

101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

OSCAR RENE RUIZ,

    Plaintiff,                                Case No.

                                                   Hon.

v.

MILENIUM, INC. AND
INTERNATTIONAL, INC.,

    Defendant.

---

Fabiola A. Galguera (P84212)
Noah S. Hurwitz (P74063)
NACHT, ROUMEL & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
fgalguera@nachtlaw.com
nhurwitz@nachtlaw.com

---

**DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Oscar Rene Ruiz, by and through his attorneys, NACHT, ROUMEL & HURWITZ, P.C., and demands a jury trial for all issues so triable.

                                       Respectfully Submitted,

                                       NACHT, ROUMEL & HURWITZ, P.C.

                                       /s/ *Fabiola A. Galguera*
                                       Fabiola A. Galguera (P84212)
                                       Attorneys for Plaintiff

Dated: October 19, 2021

101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

11